Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile:  (208) 947-2424

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURA MILUS, in her individual capacity and as Guardian of the Minor Child Plaintiff, D.L.J., <br><br> Plaintiffs, <br><br> -vs- <br><br> SUN VALLEY COMPANY, a Wyoming corporation, <br><br> Defendant. | CASE NO. _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Filing Fee: $400.00 |

COME NOW the Plaintiffs, LAURA MILUS and the minor child D.L.J, by and through their attorneys of record, Rossman Law Group, PLLC and for causes of action against the Defendant alleges as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL – 1**

## PARTIES

1. At all times relevant herein, Plaintiff Laura Milus was and now is a resident of Boise, Ada County, Idaho. Ms. Milus was the wife of Stewart Milus, deceased, who died in the collision which occurred on November 30, 2019 and which is the subject of the instant action.

2. At all times relevant herein, Minor Child Plaintiff D.L.J. was and now is a resident of Boise, Ada County, Idaho. D.L.J's Guardian is his mother Plaintiff Laura Milus.

3. At all times herein mentioned, Sun Valley Company ("Sun Valley") was a corporation organized under the laws of the State of Wyoming and registered with the Idaho Secretary of State to do business in the State of Idaho. Sun Valley's principal place of business is Blaine County, Idaho.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 as this case presents as a claim and question brought under federal law. Pendant jurisdiction over state law claims is appropriate pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate in the District of Idaho pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. Thanksgiving Week of 2019, Ms. Milus, her eight year old son D.L.J., and her husband Stewart Milus traveled to Sun Valley for a much-anticipated family ski vacation. The family stayed at the Sun Valley Resort Lodge.

7. Though Mr. Milus was not D.L.J.'s biological father, Mr. Milus loved, cared for, and provided for D.L.J. as if he were his own son.

8. On Saturday, November 30, 2019, Mr. and Mrs. Milus skied together most of the morning on Bald Mountain. They only skied beginner-level groomed "green runs" on Bald Mountain. Mr. Milus was a novice skier and had been skiing slowly all morning.

9. After taking a lunch break Ms. Milus was tired and went back to the hotel room. Mr. Milus continued skiing.

10. Lower River Run, a beginner "green run", had numerous large snowmaking towers positioned in the middle of the groomed run. There was no warning signage regarding the snowmaking equipment at the top of Lower River Run. The individual pieces of snowmaking equipment had thin pads placed on them, but there was no warning signage placed near the individual pieces of snowmaking equipment.

11. That afternoon, at approximately 2:30 p.m., Mr. Milus was skiing Lower River Run when he collided with one of the individual pieces of snowmaking equipment.

12. Nate Poulson, M.D., an anesthesiologist from Boise, was nearby when Mr. Milus collided with the snowmaking equipment. Dr. Poulson immediately began tending to Mr. Milus.

13. Mr. Milus was transported off Lower River Run and then taken by ambulance to St. Luke's – Wood River Hospital, where Mr. Milus was pronounced dead.

## COUNT ONE

## WRONGFUL DEATH – BREACH OF DUTY

14. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 13 above as set out in full.

15. Defendant owed Mr. Milus as a skier the duties enumerated in Idaho Code § 6-1103.

16. Defendant breached its duties owed to Mr. Milus by, *inter alia*, failing to place any warning signs regarding snowmaking equipment placed in the middle of Lower River Run, either at the top of the run or at each individual piece of snowmaking equipment.

17. As a direct result of Sun Valley's breach of its duties owed to Mr. Milus as set forth above, Plaintiffs have sustained both economic and non-economic losses. Plaintiffs have been forced to incur necessary expenses for Mr. Milus's funeral and burial, his medical expenses, and reasonable values attributable for the losses of the services, support, care, comfort and society of Mr. Milus. The amount of these damages will be proven at specificity at trial in excess of $75,000.00.

18. All Plaintiffs are proper claimants in a wrongful death cause of action pursuant to Idaho Code § 5-311.

19. Defendant's acts and omissions were reckless and willful and constituted a gross deviation from reasonable standards of conduct.

20. Plaintiffs have been compelled to employ the services of Rossman Law Group, PLLC, to prosecute this claim. Plaintiffs are, therefore, entitled to reasonable attorney fees and costs incurred in pursuing this matter pursuant to 38 U.S.C. § 4323, Idaho Code § 12-121, I.R.C.P. 54, and any other applicable provisions of Idaho law.

21. Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

## COUNT TWO

### WRONGFUL DEATH – EMOTIONAL DISTRESS

22. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 21 above as set out in full.

23. The wrongful death of Mr. Milus as alleged herein was the result of Defendant's outrageous, harmful and offensive breach of duties owed to Mr. Milus.

24. As a direct and proximate cause of Defendant's harmful conduct, outrageous and offensive conduct, Plaintiffs have suffered severe emotional distress, with physical manifestation of such symptoms including anxiety, depression, loss of appetite, insomnia. As such, Plaintiffs are entitled to recover monetary damages from Defendant representing fair and reasonable compensation for the emotional distress suffered by Plaintiffs in an amount in excess of $75,000.00 to be proven with specificity at trial.

25. Plaintiffs have been compelled to employ the services of Rossman Law Group, PLLC, to prosecute this claim. Plaintiffs are, therefore, entitled to reasonable attorney fees and costs incurred in pursuing this matter pursuant to 38 U.S.C. § 4323, Idaho Code § 12-121, I.R.C.P. 54, and any other applicable provisions of Idaho law.

26. Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

WHEREFORE, Plaintiffs pray for Judgment of this Court as follows:

1. For a money judgment against Defendant for the wrongful death of Stewart Milus, medical, funeral and burial expenses, expenses associated with the administration of Mr. Milus's estate, medical, psychological, and counseling care and expenses, pain and suffering, emotional distress, loss of enjoyment of life and reasonable values attributable for the losses of companionship, services, support, care comfort and society due to the death of Mr. Milus,

Plaintiffs' medical costs and expense, future medical costs and expenses, pain and suffering, lost wages, physical and mental stress in a sum to be proven with specificity at trial in excess of $75,000.00;

    2.    For reasonable attorney fees to be determined by the Court;

    3.    For costs of suit;

    4.    For such other and further relief in law or equity as the Court deems just and proper.

DATED this 28th day of September, 2020

ROSSMAN LAW GROUP, PLLC

By /s/ Eric S. Rossman
Eric S. Rossman
Attorneys for Plaintiffs

Z:\Work\M\Milus, Laura\Complaint.doc

COMPLAINT AND DEMAND FOR JURY TRIAL – 6