PETER C. ERBLAND – ISBA #2456
perbland@lclattorneys.com
KATHARINE B. BRERETON – ISBA #9583
kbrereton@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Ave., Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAURA MILUS, in her individual capacity and as Guardian of the Minor Child Plaintiff, D.L.J., <br><br> Plaintiffs, <br><br> vs. <br><br> SUN VALLEY COMPANY, a Wyoming corporation, <br><br> Defendant. | Case No. 1:20-cv-00460-REB <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)** |

Defendant Sun Valley Company, by and through its attorneys of record Peter C. Erbland and Katharine B. Brereton of Lake City Law Group PLLC, submits this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

### I.    INTRODUCTION

Plaintiff filed the Complaint on September 29, 2020, against Sun Valley Company seeking damages in excess of $75,000.  Dkt. 1.  Plaintiff brings a cause of action for wrongful death pursuant to Idaho Code § 5-311 and Idaho's ski statute, Idaho Code §§ 6-1101 *et seq*., and a cause

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 1**

of action for emotional distress. Dkt. 1 at 3-4. The causes of action arise out of the death of Plaintiff's husband while he was skiing at the Sun Valley Resort in Sun Valley, Idaho in November 2019. Dkt. 1 at 2-3.

Plaintiff asserts that she was and currently is a resident of Boise, Idaho. Dkt. 1 at 2. Plaintiff alleges that Sun Valley Company is a corporation organized under the laws of the state of Wyoming, registered with the Idaho Secretary of State to do business in the state of Idaho, and has its principal place of business in Blaine County, Idaho. Dkt. 1 at 2. Based on the allegations in the complaint, Plaintiff contends that jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because "this case presents as a claim and question brought under federal law" and pendent jurisdiction over the state laws claims is proper pursuant to 28 U.S.C. § 1367.

## II.     STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the court to hear the claims presented to it. Federal courts are courts of limited jurisdiction with no "inherent" subject matter jurisdiction, and can only adjudicate those cases in which they are empowered by the Constitution or Congress to adjudicate. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise. *See id*.

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss may be either a facial or factual attack. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 2**

accepts the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P 12(h)(3).

### III.   ARGUMENT

**A.   This Court Lacks Subject Matter Jurisdiction Over The Claims Alleged In Plaintiff's Complaint.**

**1.   There is No Cause of Action Alleged in the Complaint Based on a Federal Question.**

Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction in civil cases "arising under the Constitution, laws, or treaties of the United States." Whether a case arises under the Constitution, laws, or treaties of the United States is determined by the plaintiff's statement of her own claim. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983). This means that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotations and citations omitted). Generally, a complaint that presents only a state-law cause of action or is based upon a state statute does not confer the district court with original jurisdiction pursuant to 28 U.S.C. § 1331. *See* 463 U.S. at 10-12.

The district court may exercise federal question jurisdiction in two circumstances. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). The most common circumstance is when "a federal right or immunity is an element, and an essential

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 3**

one, of the plaintiff's cause of action." *Id* (internal quotations and citations omitted). Alternatively, the district court may have jurisdiction over a state-law claim that "'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'" 582 F.3d at 1086 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).  In such a circumstance, the federal issue must be "'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Id* (quoting 545 U.S. at 313).

Plaintiff has alleged a cause of action for wrongful death pursuant to Idaho Code § 5-311 (suit for wrongful death by or against heirs or personal representatives) and Idaho Code § 6-1103 (duties of ski area operators with respect to ski areas).  Plaintiff has also alleged a cause of action for a common law claim of emotional distress.  Neither of these causes of action involve as an essential element a federal right or immunity.  582 F.3d at 1086.  Likewise, neither cause of action "necessarily raises a stated federal issue, actually disputed and substantial".  *Id*.  Inexplicably, Plaintiff refers to 38 U.S.C. § 4323 as the basis for an award of attorney fees and costs, but that statute is wholly inapplicable to the claims involved in the instant case.  On the face of the complaint, there is no federal question presented that confers original jurisdiction in this court. 522 U.S. at 475.

The only causes of action Plaintiff alleges are state law tort claims arising out of the death of her husband while he was skiing at Sun Valley Resort.  These claims do not arise under the Constitution or laws of the United States, 38 U.S.C. § 1331, nor do such claims "raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 4**

545 U.S. at 314.  There is no basis for invoking the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, and the complaint should be dismissed.

Because this Court is without original jurisdiction, there is equally no basis for the exercise of supplemental jurisdiction.  Plaintiff contends that this court may exercise pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  In order for this court to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action…that they form part of the same case or controversy" the court must first have original jurisdiction.  28 U.S.C. § 1367.  When a court does not have original jurisdiction, however, it may not exercise supplemental jurisdiction.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  The court here does not have original jurisdiction pursuant to 28 U.S.C. § 1331 because this case does not arise out of a federal issue, and therefore there is no basis for the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

    **2.**    **Both Parties Are Citizens of the State of Idaho and Diversity Jurisdiction Cannot be Established.**

Although not specifically plead as a basis for subject matter jurisdiction, Plaintiff alludes to this Court's jurisdiction based on diversity of the parties.  Plaintiff claims damages in excess of $75,000 and acknowledges that Sun Valley Company is a corporation organized under the laws of the state of Wyoming.  Dkt. 1 at 2, 4-6.  Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction in civil actions where the amount in controversy is greater than $75,000 and is between citizens of different states.  A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business".  28 U.S.C. § 1332(c)(1).

As alleged in the Complaint, Plaintiff and her minor son are citizens of the state of Idaho. Dkt. 1, ¶¶ 1-2.  Sun Valley Company is a corporation organized under the laws of the state of

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 5**

Wyoming, registered to do business in the state of Idaho, and maintains its principal place of business in Blaine County, Idaho. Dkt. 1, ¶ 3. Sun Valley Company is thus a citizen of Wyoming and Idaho. 28 U.S.C. § 1332(c)(1). The allegations in the Complaint unquestionably demonstrate that Plaintiff and Defendant are both citizens of the state of Idaho.

"Diversity jurisdiction under § 1332 requires complete diversity of citizenship," meaning that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2003). On the face of the Complaint, it is apparent that this Court is without jurisdiction based on diversity. Regardless of whether Plaintiff claims damages in excess of $75,000, both parties are citizens of the state of Idaho, there is no complete diversity of citizenship, and therefore jurisdiction cannot be exercised pursuant to 28 U.S.C. § 1332. *Hughes*, 358 F.3d at 1095.

**B.     Leave To Amend Should Not Be Granted Because The Defects In The Complaint Cannot Be Cured.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." However, leave to amend should be denied where the amendment would be futile or where the amended complaint would be subject to dismissal. *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

It is apparent that Plaintiff's Complaint cannot be saved by any amendment. Plaintiff's basis for recovery of her alleged injuries arising from the death of her husband while he was skiing at Sun Valley Resort sounds only in tort under state law. There is no federal law which could support a theory of recovery for the alleged injuries. Likewise, Plaintiff cannot plead any other allegations to establish that the parties are citizens of different states for purposes of invoking

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 6**

diversity jurisdiction. Any amendment of Plaintiff's Complaint would be futile and subject to dismissal for the same reasons as set forth above. Justice does not require leave to amend here, and the Complaint should be dismissed in its entirety without leave to amend.

## IV.  CONCLUSION

For the reasons set forth herein, the Court should grant Defendant's Motion to Dismiss without leave to amend. The parties are not citizens of different states and there is no basis to invoke the jurisdiction of this Court based on diversity. Furthermore, the claims alleged in the Complaint do not involve a federal right or immunity, nor does this matter raise a substantial and disputed federal issue. Plaintiff cannot invoke the jurisdiction of this Court based on 28 U.S.C. § 1331. Accordingly, this Court lacks subject matter jurisdiction over the claims alleged in Plaintiff's Complaint and the defects in the complaint cannot be cured by amendment.

DATED this 2nd day of November, 2020.

                                            LAKE CITY LAW GROUP PLLC

                                            /s/ *Katharine B. Brereton*
                                            KATHARINE B. BRERETON
                                            Attorney for Defendant

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 2nd day of November, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Attorneys for Plaintiffs:

| | |
|---|---|
| Eric S. Rossman | ☒ : Email erossman@rossmanlaw.com |
| Erica S. Phillips | ☒ : Email ephillips@rossmanlaw.com |
| Matthew G. Gunn | ☒ : Email mgunn@rossmanlaw.com |
| ROSSMAN LAW GROUP, PLLC | |
| 350 N. 9th Street, Suite 500 | |
| Boise, ID  83702 | |

            /s/ *Nicky Hastings*
            Nicky Hastings

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 8**